IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| JASON CHARLES COURVERLER, PRO SE, | § | |
| TDCJ-CID No. 1700010, | § | |
| OK DOC No. 569088, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:13-CV-0064 |
| | § | |
| BRAIN CLARK, Major; NFN EDGAR, | § | |
| Nurse; NFN PONDER, Capt.; | § | |
| NFN RAMIRIEZ, SGR; and | § | |
| NFN CHAVEZ, Officer, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF PARTIAL DISMISSAL**

Plaintiff JASON CHARLES COURVERLER, acting pro se and while a prisoner

incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has

filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-

referenced defendants and has been granted permission to proceed in forma pauperis.

By his Complaint, plaintiff states that, on an unspecified date, he was moved from

11 Building to 12 Building for attempting to hurt himself. After seeing the doctor, plaintiff was

seen by the Unit Classification Committee, headed by defendant CLARK. Plaintiff says

defendant CLARK remarked that "no matter what [plaintiff] was going back to 3 Building."

When plaintiff refused to move, a team was assembled and he was taken to the new cell.

Plaintiff alleges that, after the team left, defendant CLARK kicked plaintiff in the face, shut the

cell door, and administered pepper spray, saying that plaintiff was trying to hurt himself. Plaintiff

says about an hour later he cut himself in front of another officer and was taken back to 12 Building.

Subsequently, plaintiff was moved to 11 Building Pre-Hearing Detention because of an Offender Protection Investigation.

Plaintiff says on September 26, 2012, defendant Officer CHAVEZ gave him his property. Later that day, defendant Nurse Edgar performed pill rounds.  Plaintiff says she refused to give him his medication and they argued.  He alleges she then got defendants CLARK, PONDERS, RAMIRIEZ, and CHAVEZ; and that CLARK told plaintiff he was taking plaintiff back to 3 Building.  Plaintiff alleges CLARK told him defendant CHAVEZ would pack up plaintiff's property and take it back to "GP Property," but that it was never done.

When plaintiff got to 3 Building, he cut himself and was sent back to 12 Building.  The next day, Major Phillips transferred plaintiff to 11 Building PHD and, on September 28, 2012, reduced plaintiff's classification to G5.

Subsequently, plaintiff alleges, defendant CLARK told plaintiff he had plaintiff's property and wasn't giving it back.

Plaintiff requests injunctive relief in the form of the return of his property and that defendant CLARK leave him alone.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state

a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will

support dismissal of a suit brought under any federal law by a prisoner confined in any jail,

prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C.

1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v.

Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged

by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer

by the defendants.

## THE LAW AND ANALYSIS

Plaintiff does not allege any contact between himself and any defendant, other than

defendant CLARK, on the day or in connection with the challenged use of force and plaintiff's

allegation that CLARK needlessly kicked him in the face and sprayed pepper spray on him.

Plaintiff's contact with the remaining defendants is alleged to have occurred on

September 26, 2012, when CLARK again had plaintiff transferred to 3 Building and allegedly

took plaintiff's property.  To the extent plaintiff is basing a claim on the mere transfer to 3

Building, plaintiff has not alleged facts showing the confinement in 3 Building or, subsequently,

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

3

in 11 Building violated his Eighth Amendment rights by depriving him of the "minimal measure of life's necessities" or that prison officials acted with subjective deliberate indifference to his conditions of confinement.  *See Harper v. Showers*, 173 F.3d 716, 719 (5th Cir. 1999).  Further, if the transfer to 3 Building was accompanied by a change in classification which plaintiff challenges, the Fifth Circuit has held that "[i]nmates have no protectable property or liberty interest in custodial classification."  *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)(change in security classification based on allegedly inaccurate information).  Since a prison inmate has no protectable liberty interest or property interest in his custodial classification, *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992), it is clear plaintiff has no liberty interest in retaining his pre-transfer classification, *Sandin v. Conner,* 515 U.S. 472, 484 (1995).  This claim lacks an arguable legal basis and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff says he is suing defendant Nurse EDGAR "[b]ecause she is the one who got the Major Brain to do this to me."  The only act by Nurse EDGAR alleged by plaintiff is that she reported the argument with plaintiff to defendant CLARK.  There is no allegation of fact indicating defendant EDGAR had anything to do with the decision to transfer plaintiff back to 3 Building or with the confiscation of plaintiff's property, CHAVEZ' failure to pack it up, or defendant CLARK's alleged decision to keep it.  The mere fact that defendant EDGAR reported the argument between her and plaintiff does not support a claim of constitutional dimension. Plaintiff has failed to state a claim against defendant EDGAR on which relief can be granted.

Plaintiff says he is suing defendant Captain PONDER "[b]ecause he let Major Brain

Clark do that to me."  Plaintiff says he is suing defendant RAMIRIEZ because he was the

sergeant on 11 Building on September 26, 2012 and he didn't try to stop it.  Again, plaintiff has

alleged no fact indicating PONDER and/or RAMIRIEZ had any involvement with the

confiscation of plaintiff's property or CLARK's alleged decision to keep it.  It appears plaintiff

feels PONDER or RAMIRIEZ should have stopped his move to 3 Building; however, as

previously explained, he has not alleged any facts showing that move violated any federally-

protected right.  Further, plaintiff alleges no fact indicating PONDER and/or RAMIRIEZ knew of

or participated in any confiscation or wrongful retention of plaintiff's property by CLARK.  To

the extent plaintiff feels Captain PONDER and Sergeant RAMIRIEZ supervised defendant

CLARK, and the Court does not find that they did, even if they were supervisors, the acts of

subordinates trigger no individual section 1983 liability for supervisory officers.  *Champagne v.*

*Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999).  A supervisory official may

be held liable only when he is either personally involved in the acts causing the deprivation of a

person's constitutional rights, or there is a sufficient causal connection between the official's act

and the constitutional violation sought to be redressed.  *Thompkins v. Belt*, 828 F.2d 298, 304

(5th  Cir.1987); *Douthit v. Jones*, 641 F.2d 345,  346 (5th Cir.1981) (*per curiam*).  Plaintiff has

alleged no fact demonstrating personal involvement by these officials and has alleged no fact

showing any causal connection between their acts and any alleged constitutional violation.

Consequently, plaintiff's allegations against these defendants fail to state a claim on which relief

can be granted.

Lastly, plaintiff says he is suing defendant CHAVEZ  because CHAVEZ is the officer defendant CLARK said was going to pack up plaintiff's property.  If plaintiff is claiming defendant CHAVEZ failed to pack up his property, at most, this would constitute a tort claim of negligence, if even that; however, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care.  *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs).  Any claim of this nature lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff does not allege any fact which indicates defendant CHAVEZ was involved in CLARK's alleged wrongful retention of plaintiff's property.  In this respect, plaintiff has failed to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims filed pursuant to Title 42, United States Code, section 1983, by plaintiff JASON CHARLES COURVERLER against defendants NFN EDGAR, Nurse; NFN PONDER, Capt.; NFN RAMIRIEZ, SGR.; and NFN CHAVEZ, Officer, be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED and WITH PREJUDICE AS FRIVOLOUS.

This Report and Recommendation does not address plaintiff's claims against defendant CLARK, and an Order to Answer has issued of even date herewith with respect to such claims.

Plaintiff may utilize the period for filing objections in which to amend his pleading to cure his deficient claim(s) or he may file objections to the Report and Recommendation.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th  day of December, 2013.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district

court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).