IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JASON CHARLES COURVERLER, PRO SE, | § | |
| TDCJ-CID No. 1700010, | § | |
| OK DOC No. 569088, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:13-CV-0064 |
| | § | |
| BRIAN CLARK, Major; NFN EDGAR, | § | |
| Nurse; NFN PONDER, Capt.; | § | |
| NFN RAMIRIEZ, SGR; and | § | |
| NFN CHAVEZ, Officer, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff JASON CHARLES COURVERLER, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

On January 21, 2014, plaintiff's claims against defendants EDGAR, PONDER, RAMIRIEZ, and CHAVEZ were dismissed without prejudice for failure to state a claim on which relief can be granted and with prejudice as frivolous. Plaintiff's claims against defendant BRIAN CLARK are the sole remaining claims.

In brief, plaintiff claims defendant CLARK utilized excessive force by kicking plaintiff in the face and needlessly spraying him with pepper spray. Plaintiff also claims on or about September 26, 2012, defendant CLARK took plaintiff's property, subsequently admitted to having it and refused to return it to plaintiff.

Plaintiff requests injunctive relief in the form of an order that CLARK return his property and leave plaintiff alone.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

"The transfer of a prisoner out of an institution often will render his claims for injunctive relief moot" unless he "can show either a 'demonstrated probability' or a 'reasonable expectation' that he will be transferred back to the facility." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)(quoting *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982)). *See, Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Jurisdiction over plaintiff's claims for future relief appropriate only if reasonable likelihood exists that the plaintiff will again be subjected to the allegedly unconstitutional actions.").

On February 3, 2014, plaintiff submitted a Motion for Extension of Time to File Response to Defendant's Motion to Dismiss by which plaintiff requested a stay of 90 days so he could find an attorney after his discharge from prison. The motion was denied and no further pleading or correspondence has been received from plaintiff. Review of TDCJ online records of prisoners does not show plaintiff is presently incarcerated at any TDCJ unit, and it appears plaintiff has discharged his sentence and been released, as he anticipated.

The only relief requested by plaintiff is injunctive in nature and focused on defendant CLARK. It appears plaintiff is no longer in the Texas prison system and will no longer come into contact with defendant CLARK. Plaintiff has not alleged or shown there is a "demonstrated probability" or a "reasonable expectation" that he will be re-incarcerated and transferred back to the Clements Unit in Amarillo, Texas. Thus, plaintiff suit's for injunctive relief is rendered MOOT by his discharge.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims filed pursuant to Title 42, United States Code, section 1983, by plaintiff JASON CHARLES COURVERLER against defendant BRIAN CLARK be DISMISSED AS MOOT.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of April, 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely

file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).